Case 1:21-cv-00461-VEC   Document 35   Filed 12/07/21   Page 1 of 12

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/07/2021

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Natural Resources Defense Council, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Michael S. Regan, Administrator of the ) <br> United States Environmental Protection ) <br> Agency, et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No. 21-cv-461 <br> ECF Case |

## CONSENT DECREE

WHEREAS, on January 19, 2021, Plaintiff Natural Resources Defense Council (NRDC) filed the complaint in this case against the United States Environmental Protection Agency (EPA) and Andrew Wheeler, in his official capacity as Administrator of the EPA (collectively, EPA);

WHEREAS, Michael S. Regan was sworn in as EPA Administrator on March 11, 2021, and was automatically substituted as a party for former Administrator Andrew Wheeler, pursuant to Federal Rule of Civil Procedure 25(d);

WHEREAS, under the Safe Drinking Water Act, 42 U.S.C. § 300g-3(c)(4), and EPA's implementing regulations, community water systems must "mail, or provide by electronic means, to each customer of the system at least once annually a report on the level of contaminants in the drinking water purveyed by that system";

WHEREAS, EPA regulations governing these annual reports—called consumer confidence reports—are published at 40 C.F.R. Part 141, Subpart O (§§ 141.151 to 141.155);

1

WHEREAS, 2018 amendments to the Safe Drinking Water Act, 42 U.S.C. § 300g-3(c)(4)(F)(i)(I)(aa)-(bb), provide that EPA "shall issue revisions to" its regulations to increase "the readability, clarity, and understandability of the information presented in consumer confidence reports" and to increase "the accuracy of information presented, and risk communication, in consumer confidence reports";

WHEREAS, 42 U.S.C. § 300g-3(c)(4)(F)(i) provides that EPA "shall issue" the revisions described in the preceding paragraph "in consultation with the parties identified in subparagraph (A)," *id.*, namely "public water systems, environmental groups, public interest groups, risk communication experts, and the States, and other interested parties," *id.* § 300g-3(c)(4)(A);

WHEREAS, 42 U.S.C. § 300g-3(c)(4)(F)(i) further provides that EPA "shall issue revisions to" its regulations "[n]ot later than 24 months after October 23, 2018," or October 23, 2020;

WHEREAS, EPA has not issued revisions to the consumer confidence report regulations as described in 42 U.S.C. § 300g-3(c)(4)(F)(i);

WHEREAS, EPA is in the process of initiating consultations with public water systems, environmental groups, public interest groups, risk communication experts, States, and other interested parties about revisions to the consumer confidence report regulations;

WHEREAS, 42 U.S.C. § 300j-5 establishes a National Drinking Water Advisory Council (NDWAC) that "shall advise, consult with, and make recommendations to, the Administrator on matters relating to activities, functions, and policies of the Agency under" the Safe Drinking Water Act;

WHEREAS, in this lawsuit, NRDC alleges that EPA failed to perform a non-discretionary act or duty under the Safe Drinking Water Act, within the meaning of 42 U.S.C. § 300j-8(a)(2);

WHEREAS, the relief requested in NRDC's complaint includes an order directing EPA to issue revised regulations governing consumer confidence reports by a date certain;

WHEREAS, NRDC and EPA have agreed to settle this lawsuit without admission by EPA of any issue of fact or law;

WHEREAS, NRDC and EPA consider this Consent Decree to be an adequate and equitable resolution of the claim in this case;

WHEREAS, NRDC and EPA agree that resolution of this lawsuit without further litigation is in the best interests of the parties, the public, and judicial economy;

WHEREAS, NRDC and EPA agree that this Court has subject matter jurisdiction over NRDC's claims, pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 300j-8(a), sufficient to enter this Consent Decree;

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the Safe Drinking Water Act;

NOW THEREFORE, without trial or determination of any issues of fact or law, and upon the consent of NRDC and EPA, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

**GENERAL TERMS**

1.  This Court has jurisdiction to enter this Consent Decree and, pursuant to the Consent Decree, to order the relief stated herein.

2. This Consent Decree applies to, is binding upon, and inures to the benefit of the parties (and their successors, assigns, and designees).

**EPA ACTIONS**

3. Not later than March 15, 2024, EPA shall sign for publication in the Federal Register "revisions" to the consumer confidence report regulations to comply with 42 U.S.C. § 300g-3(c)(4)(F).

4. EPA intends to sign for publication in the Federal Register proposed revisions to the consumer confidence report regulations to comply with 42 U.S.C. § 300g-3(c)(4)(F) by March 15, 2023. If EPA does not sign proposed revisions to the regulations by that date, EPA shall file a status report on the docket of this case no later than March 29, 2023. The status report shall describe EPA's progress, the reason(s) for the delay, and an updated timeline for signing proposed revisions to the regulations. EPA's failure to sign proposed revisions to the regulations by the date in this paragraph shall not automatically change or extend the deadline in paragraph 3. However, nothing in this paragraph shall be construed to limit EPA's ability to argue that any delay in the issuance of proposed revisions provides "good cause" to extend the deadline in paragraph 3, should EPA seek an extension of that deadline pursuant to paragraphs 9 and 10. NRDC reserves the right to oppose any such argument and extension.

5. Pursuant to the obligations set forth in 42 U.S.C. § 300g-3(c)(4)(A) and (F)(i), by May 2, 2022, EPA intends to "[c]onsult[] with public water systems, environmental groups, public interest groups, risk communication experts, and the States, and other interested parties." 42 U.S.C. § 300g-3(c)(4)(A). EPA's intention to take the steps described in this paragraph 5 shall not be construed as limiting the scope of actions EPA may take,

either before or after May 2, 2022, to satisfy its obligations under 42 U.S.C. § 300g-3(c)(4)(A) and (F)(i).

6. EPA also intends, by May 2, 2022, to seek recommendations from the NDWAC. To develop such recommendations, EPA intends to direct the NDWAC to establish a working group consisting of representatives of public water systems, environmental groups, public interest groups, risk communication experts, the States, and other interested parties. EPA's intention to take the steps described in this paragraph 6 shall not be construed as defining or limiting the scope of actions EPA may take, either before or after May 2, 2022, to satisfy its obligations under 42 U.S.C. § 300g-3(c)(4)(A) and (F)(i).

7. EPA shall file a status report on the docket of this case no later than May 16, 2022, describing the steps that EPA took prior to May 2, 2022, regarding the matters described in paragraphs 5 and 6. If EPA did not take the steps described in paragraphs 5 and 6 by May 2, 2022, the status report shall also describe the reason(s) for the delay and an updated timeline for taking those steps. EPA's failure to complete the intended consultation by the date in paragraphs 5 and 6 shall not automatically change or extend the deadline in paragraph 3. However, nothing in this paragraph shall be construed to limit EPA's ability to argue that any delay in the consultation process provides "good cause" to extend the deadline in paragraph 3, should EPA seek an extension of that deadline pursuant to paragraphs 9 and 10. NRDC reserves the right to oppose any such argument and extension.

## TERMINATION OF CONSENT DECREE AND DISMISSAL OF CLAIMS

8. After publication in the Federal Register of revisions to the consumer confidence report regulations as required by paragraph 3, this Consent Decree shall

terminate and the action shall be dismissed with prejudice and without further action of the parties or the Court. EPA may move the Court for an order reflecting that such termination and dismissal has occurred.

## MODIFICATIONS AND EXTENSIONS

9.      Any provision of this Consent Decree, including the deadline set forth in paragraph 3 of this Consent Decree, may be modified (a) by written stipulation of the parties or (b) by the Court following motion of any party for good cause shown, which may include a showing that the provision sought to be modified is no longer in the public interest. If the parties modify the Consent Decree pursuant to subsection (a) of this paragraph, EPA shall promptly file a notice with the Court. Any motion to modify the deadline in paragraph 3 of this Consent Decree pursuant to subsection (b) of this paragraph shall be accompanied by a motion for expedited consideration. If the automatic extension provision in paragraph 10 does not apply, EPA may move the Court for a stay of the date of the deadline in paragraph 3 of this Consent Decree while a motion for a modification pursuant to this paragraph is pending. EPA shall give notice to NRDC as soon as reasonably possible of its intent to seek a modification and/or stay. NRDC reserves the right to oppose any such motion for a modification and/or stay.

10.     If EPA files a motion requesting a modification of the deadline set forth in paragraph 3 of this Consent Decree totaling thirty (30) days or less, provides notice to NRDC at least (15) days prior to filing such motion, and files the motion at least seven (7) days prior to the deadline set forth in paragraph 3 of this Consent Decree, then the filing of such motion shall, upon request, automatically extend the deadline set forth in paragraph 3. Such automatic extension shall remain in effect until the earlier of (i) a dispositive ruling by

this Court on such motion, or (ii) the date sought in the motion. EPA may seek only one extension under this paragraph for the deadline set forth in paragraph 3 of this Consent Decree.

## DISPUTE RESOLUTION

11. In the event of a dispute between NRDC and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with written notice outlining the nature of the dispute and requesting informal negotiations. The parties shall meet and confer by phone or videoconference to attempt to resolve the dispute. If the parties are unable to resolve the dispute within 30 days after receipt of the notice of dispute, either party may petition the Court to resolve the dispute.

12. No party may file a motion to enforce this Consent Decree or for contempt of Court without first following the procedure set forth in paragraph 11.

## CONTINUING JURISDICTION

13. The Court retains jurisdiction to enforce the terms of this Consent Decree and to consider any requests for costs of litigation, including attorney's fees.

14. Nothing in this Consent Decree shall be construed to confer upon this Court jurisdiction to review the final rule issued by EPA pursuant to this Consent Decree.

## RESERVATIONS

15. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the Safe Drinking Water Act or by general principles of administrative law. EPA's obligation or intention to perform each action specified in this

Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

16.     Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law. By entering into this Consent Decree, NRDC and EPA do not waive or limit any claim, remedy or defense, on any grounds, related to any proposed or final action EPA takes with respect to the matters addressed in this Consent Decree.

## ATTORNEY'S FEES

17.     NRDC intends to seek recovery of its costs and reasonable attorney's fees in this litigation pursuant to 42 U.S.C. § 300j-8(d). The deadline for NRDC to file such a motion for work performed prior to entry of the Consent Decree is hereby extended until 90 days after this Consent Decree is entered by the Court. During this 90-day period, the parties shall seek to resolve informally NRDC's claim for costs and fees. If they cannot, NRDC may file a motion to recover its costs and attorney's fees.

18.     NRDC reserves the right to seek additional costs of litigation, including attorney's fees, incurred subsequent to entry of this Consent Decree and arising from NRDC's need to (a) enforce the terms of the Consent Decree; (b) defend against efforts to modify the same; (c) prepare a motion for costs of litigation as described in paragraph 17; or (d) respond to any other unforeseen continuation of this action. EPA reserves the right to oppose any such request. If NRDC intends to file a motion for any such additional costs of litigation, including attorney's fees, NRDC agrees to confer with EPA at least 14 days before filing such motion to assess the potential to resolve the matter informally.

## MUTUAL DRAFTING; HEADINGS

19. This Consent Decree was jointly drafted by NRDC and EPA. The parties agree that any rule of construction to the effect that ambiguity is construed against the drafting party is inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

20. Headings contained in this Consent Decree are for the convenience of the reader only and shall not affect the meaning of any of the Consent Decree's terms.

## NOTICE AND CORRESPONDENCE

21. Any notices required or provided for by this Consent Decree shall be in writing by e-mail sent to each of the following counsel (or to any new address of the parties' counsel as filed and listed in the docket for this case):

   a. For NRDC:

   Aaron Colangelo
   Natural Resources Defense Council
   1152 15th Street NW, Suite 300
   Washington, DC 20005
   acolangelo@nrdc.org

   Cecilia Segal
   Natural Resources Defense Council
   111 Sutter Street, Floor 21
   San Francisco, CA 94104
   csegal@nrdc.org

   Michelle Wu
   Natural Resources Defense Council
   40 West 20th Street, Floor 11
   New York, NY 10023
   michellewu@nrdc.org

   Aaron Schaer
   Lane Powell PC
   1420 Fifth Ave, Suite 4200

9

    Seattle, WA 98101
    schaera@lanepowell.com

  b. For EPA:

    Zachary Bannon
    Assistant United States Attorney
    86 Chambers Street
    New York, New York 10007
    Zachary.Bannon@usdoj.gov

    Leslie Darman
    US Environmental Protection Agency
    Office of General Counsel, Water Law Office
    1200 Pennsylvania Ave, NW
    Washington, DC 20460
    darman.leslie@epa.gov

    Associate General Counsel
    Water Law Office
    Office of General Counsel
    U.S. Environmental Protection Agency
    1200 Pennsylvania Avenue, N.W.
    MC-2355A
    Washington, DC 20460

**APPROPRIATED FUNDS AND FORCE MAJEURE**

22. EPA and NRDC recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

23. EPA and NRDC recognize that circumstances outside the reasonable control of EPA could delay EPA's ability to comply with the obligations contained in this Consent

Decree. Such circumstances include, but are not limited to, a catastrophic environmental disaster requiring an immediate or highly time-consuming response by EPA's Office of Ground Water and Drinking Water, or a lapse in appropriations by Congress resulting in a government shutdown. Should such a delay occur because of an EPA shutdown within 120 days prior to a deadline set forth in this Consent Decree, such deadline shall be extended automatically one day for each day of the shutdown. Should a delay occur due to a catastrophic environmental disaster within 120 days prior to a deadline set forth in this Consent Decree, such deadline shall be extended automatically for 14 days. EPA will provide NRDC with written notice as soon as is reasonably possible if EPA invokes this paragraph of the Consent Decree and will provide NRDC with an explanation of EPA's basis for invoking this paragraph. Any dispute regarding such invocation shall be resolved in accordance with the dispute resolution provision in Paragraph 11 of this Consent Decree.

## EFFECTIVE DATE

24.     This Consent Decree shall become effective upon the date of its entry by the Court. If for any reason the Court declines to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party, and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

## REPRESENTATIVE AUTHORITY

25. The undersigned representatives of NRDC and EPA certify that they are fully authorized by the parties they represent to consent to the Court's entry of the terms and conditions of this Consent Decree.

COUNSEL FOR PLAINTIFF:

Dated: Washington, DC
December 6, 2021

By: _____
Aaron Colangelo
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
202-289-2376
acolangelo@nrdc.org

COUNSEL FOR DEFENDANTS:

Dated: New York, New York
December 6, 2021

Damian Williams
United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By: _____
Zachary Bannon
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
212-637-2728
Zachary.Bannon@usdoj.gov

SO ORDERED on this __07__ day of __December__, 2021.

_____
HON. VALERIE CAPRONI
United States District Judge

12